IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00488-MSK-CBS

M. EUGENE GIBBS-SQUIRES,

       Plaintiff,

v.

URBAN SETTLEMENT SERVICES,
KORN LAW FIRM, P.A.,
BENJAMIN D. MOORE, and
DOES 3-5,

       Defendants.

---

RECOMMENDATION AND ORDER REGARDING DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTIONS FOR INJUNCTIVE AND OTHER RELIEF

---

Magistrate Judge Shaffer

    This matter comes before the court on Defendants Benjamin D. Moore's Motion to Dismiss (doc. #24), Bank of America, N.A. ("Bank of America") and Nationstar Mortgage's ("Nationstar") Motion to Dismiss (doc. #40), and Urban Settlement Services' ("Urban") Motion to Dismiss (doc. #45).  Also before the court is Plaintiff M. Eugene Gibbs-Squires' Motion for Temporary Order and Injunction (doc. #6), Amended Motion for Injunction (doc. #11), Motion for Default Judgment (doc. #16), Motion for Sanctions (doc. #37), Motion for Reconsideration (doc. #47), Motion for Recusal (doc. #61), and Motion to Amend his First Amended Complaint (doc. #64).  These motions were referred to the Magistrate Judge pursuant to the Order of Reference dated March 13, 2014 (doc. #4).

1

This court has carefully considered each motion and related briefing, the entire case file, the comments offered by the parties during the June 26, 2014 Telephone Status Conference and applicable case law. For the following reasons, I recommend that Plaintiff's Amended Complaint be dismissed. I further recommend that Plaintiff's Motion for Temporary Order and Injunction, Amended Motion for Injunction, and Motion for Default Judgment be denied.

**BACKGROUND**

On February 25, 2014, *pro se* Plaintiff M. Eugene Gibbs-Squires and his wife, Barbara A. Gibbs, filed a lawsuit against Bank of America, Nationstar, Specialized Loan Services ("SLS"), and Urban claiming a violation of Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962(c). Plaintiff alleged that these organizations were part of an enterprise engaged in wire and mail fraud and were acting in contravention of their contractual obligations owed under the Home Affordable Modification Program ("HAMP").[1] (Doc. #1).

Plaintiff and his wife borrowed funds from Bank of America in March 2005 to purchase a house in Florence, South Carolina. (*See* doc. #1 at ¶ 109). Following the introduction of HAMP, Bank of America contracted with Urban to provide HAMP-related services, such as corresponding with borrowers and processing HAMP applications. (*See* doc. #1 at p. 3). In November 2012, Bank of America transferred the servicing of Plaintiff's loan to Nationstar, a national mortgage servicer. (*See* doc. #1 at ¶ 128). Nationstar thereafter initiated foreclosure proceedings on the property through its

---

[1] The federal government introduced HAMP in 2009 to incentivize mortgage servicers to modify loan terms for delinquent borrowers. *See George v. Urban Settlement Services*, No. 13-cv-01819-PAB-KLM, 2014 WL 4854576, *1 (D. Colo. September 30, 2014). Under the program, monthly mortgage payments were reduced for eligible borrowers with the goal of decreasing their risk of default. *See id.*

counsel, the Korn Law Firm, P.A. ("Korn Law Firm"), located in Columbia, South Carolina. Plaintiff is a resident of South Carolina and Maryland. (Doc. #1 at ¶ 14). Bank of America is a citizen of North Carolina (doc. #1 at ¶ 15); Nationstar is a citizen of Texas (doc. #1 at ¶ 17); and Urban is a citizen of Pennsylvania with main offices located in Colorado (doc. #1 at ¶ 16).

On March 25, 2014, one month after filing the Complaint, Plaintiff filed a Motion for Temporary Restraining Order and Injunction seeking a bond of $1.5 million from Nationstar to cover damages to the home and asking the court to enjoin Nationstar from taking further action related to the foreclosure proceedings. (Doc. #6)

Plaintiff then filed an Amended Complaint on April 3, 2014, claiming violation of RICO, the Equal Credit Opportunity Act (15 U.S.C. § 1691), California's Consumer Legal Remedies Act (Cal. Civ. § 1750 et seq), and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), as well as breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, unjust enrichment and/or restitution, promissory estoppel, and a civil rights violation pursuant to 42 U.S.C. § 1983. (Doc. #8). The Amended Complaint omitted from the caption Bank of America, Nationstar, and SLS as defendants, and Barbara A. Gibbs as co-plaintiff; and the Clerk terminated these parties from the lawsuit on April 3, 2014.[2] Plaintiff substituted the Korn Law Firm as Doe 1, and Benjamin D. Moore as Doe 2. (*See* Doc. #8). Mr. Moore is a private attorney who practices in South Carolina and who

---

[2] The Amended Complaint purported to "incorporate by reference each and every paragraph of [plaintiff's] complaint" (doc. #8 at ¶ 1). Bank of America and Nationstar are named in allegations in the Amended Complaint (*see, e.g.,* doc. #8 at ¶¶ 27, 43, 45) and specified in the pleading's Prayer for Relief (*see* doc. #8 at p. 21). Therefore, this court will infer that Plaintiff's omission as to Bank of America and Nationstar was inadvertent.

was appointed by the Twelfth Judicial Circuit Court in Florence, South Carolina to serve as Special Referee in the judicial foreclosure of Plaintiff's property. (Doc. #24 at p. 1).

On April 7, 2014, Bank of America and Urban filed a notice of related case with the court relating to *George v. Urban Settlement Services*, No. 13-cv-01819-PAB-KLM (D. Colo.). (Doc. #9). On April 28, 2014, Plaintiff filed an Amended Motion for Injunction incorporating by reference his Motion for Temporary Restraining Order and Injunction and seeking an order requiring Nationstar to pay Plaintiff $8,000 per month to "cover Gibbs' relocation and psychiatric care until the conclusion of this case." (Doc. #11).

On May 8, 2014, Defendant Moore filed an Answer to Plaintiff's Amended Complaint (doc. #13). On May 13, 2014, Plaintiff filed a Motion for Default Judgment as to Defendant Moore (doc. #16), to which the Clerk responded stating that Plaintiff had not filed a Fed. R. Civ. P. 55 affidavit, an affidavit attesting to Mr. Moore's military status as required by Service Members Civil Relief Act, or proof of service, and noted that a responsive pleading had been filed by Mr. Moore. (Doc. #17). On May 19, 2014, Defendant Moore responded to Plaintiff's Motion for Default (doc. #19) and filed a Motion to Dismiss (doc. #20). Moore filed a second Motion to Dismiss on May 22, 2014 (doc. #24), and an Amended Answer on May 29, 2014 (doc. #26). South Carolina Deputy Solicitor General James Emory Smith, Jr. and Assistant Attorney General Kristin Simons entered their appearance on behalf of Defendant Moore on May 29, 2014 (doc. #25). On June 16, 2014, this court denied Moore's May 19 Motion to Dismiss as moot and duplicative of his May 22 Motion to Dismiss (doc. #38).

Urban waived service on May 21, 2014 (doc. #31), and Bank of America waived service on or around May 30, 2014 (*see* doc. #30).  To date these are the only two Defendants for whom service has been effected.  On June 16, 2014, Plaintiff moved for sanctions against Moore and the Attorney General of South Carolina claiming that the Attorney General had filed an Amended Answer on Moore's behalf without first consulting with Plaintiff.  (*See* Doc. #37).   Plaintiff asked for an award of $3 million and an injunction restricting Moore and the Twelfth Judicial Circuit from foreclosing on his home.  *See id.*  On June 20, 2014, Bank of America and Nationstar filed a Motion to Dismiss Plaintiff's Amended Complaint with an accompanying brief, and sought a stay of briefing in the alternative (doc. #40 and #41).  Bank of America and Nationstar filed a Response to Plaintiff's Amended Motion for Injunction and Motion for Temporary Restraining Order the same day (doc. #42).  On June 23, 2014, Urban filed a corporate disclosure statement (doc. #44) and a Motion to Dismiss with accompanying brief (doc. #45 and #46).  The following day, Plaintiff filed a Motion for Reconsideration of this court's Order denying Defendant Moore's first Motion to Dismiss as moot (doc. #47).

This court held a Telephone Status Conference on June 26, 2014, at which the undersigned instructed Plaintiff that he cannot represent his wife as a *pro se* litigant and questioned the court's jurisdiction over most of the Defendants.  (*See* Doc. #52).  This court set a briefing schedule for the pending motions and contemplated holding a Motions Hearing following the completion of briefing.  *See id.*   On July 3, 2014, Defendant Moore filed a Response to Plaintiff's Motion for Sanctions (doc. #53), and Plaintiff filed a "Post Hearing Brief."  (Doc. #54).  Several days later, on July 9, 2014, Plaintiff filed an "Emergency Motion for Stay" (doc. #56) and a Response to Defendant

5

Moore's Motion to Dismiss (doc. # 57).  Plaintiff filed a Response to Bank of America and Nationstar's Motion to Dismiss on July 10, 2014 (doc. #58).  On July 14, 2014, Chief Judge Krieger denied Plaintiff's "Emergency Motion for Stay" for failure to comply with D.C.COLO.LCivR 7.1.A (doc. #59).  Bank of America and Nationstar filed their Reply in support of their Motion to Dismiss on July 22, 2014 (doc. #60), and Urban filed its Reply in support of its Motion to Dismiss on July 28, 2014 (doc. #63).

On July 23, 2014, Plaintiff filed an "Emergency Motion for Recusal" asking the undersigned to recuse himself on the basis that this court had not yet ruled on Plaintiff's Motion for Temporary Restraining Order and Injunction.  (*See* Doc. #61).  On August 22, 2014, Plaintiff filed a Motion to Amend the Complaint (doc. #64).  On September 11 and 12, 2014, Defendants Moore, Urban, Bank of America, and Nationstar filed oppositions to the Motion to Amend.  (*See* Doc. #66, #67, and #68).  Plaintiff filed a Reply in support of his Motion to Amend on September 29, 2014 (doc. #69).  On October 1, 2014, Bank of America and Nationstar filed a Notice of Supplemental Authorities in support of their opposition to Plaintiff's Motion to Amend (doc. #70), and filed an accompanying brief the following day (doc. #71).  On October 9, 2014, Plaintiff filed a notice of his intent to file an interlocutory appeal (doc. #72).  He filed a Response to the Notice of Supplemental Authorities on October 17, 2014 (doc. #73); and filed an "Emergency Petition for Writ of Mandamus" with the Tenth Circuit on October 28, 2014 (doc. #74).

**STANDARD OF REVIEW**

A.    **Fed. R. Civ. P. 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss a complaint for lack of personal jurisdiction. When contested, the plaintiff bears the burden of proving jurisdiction exists. *See AST Sports Science, Inc. v. CLF Distribution Ltd.,* 514 F.3d 1054, 1056 (10th Cir. 2008). The court must accept a plaintiff's well-pled allegations as true in questioning whether the plaintiff has made a *prima facie* showing of personal jurisdiction (*Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008)); however, conclusory allegations need not be accepted as true. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

B.    **Fed. R. Civ. P. 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[W]hen legal conclusions are involved in the complaint the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to those conclusions… only a complaint that states a plausible claim for relief survives a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190-91 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 1950 (2009)) (internal quotation marks and citation omitted). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, in examining a complaint under Rule 12(b)(6), the court should disregard

conclusory statements and "look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik*, 671 F.3d at 1191.

Because Mr. Gibbs-Squires is appearing *pro se*, the court "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[3] *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not assume that a plaintiff can prove facts that he has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[Court's] role is not to act as [*pro se* litigant's] advocate"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues") (internal citation omitted). It is Plaintiff's responsibility to "nudge [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Khalik*, 671 F.3d at 1190 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### A. Personal Jurisdiction

Defendants Bank of America, Nationstar, and Moore challenge this court's jurisdiction over them. The question of personal jurisdiction must be addressed before a court can reach the merits of a case, because "a court without jurisdiction over the parties cannot render a valid judgment." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Leney v. Plum Grove Bank,* 670

---

[3] The court notes that Mr. Gibbs-Squires was once a licensed attorney in South Carolina, and he has appeared before several courts and tried cases in the Second Circuit. *See Gibbs v. United States*, 865 F. Supp. 2d 1127, 1150-51 (M.D. Fla. 2012) (declining to extend to Plaintiff M. Eugene Gibbs-Squires the "more lenient standard" afforded *pro se* litigants due to his training as an attorney and corresponding legal practice). *See also* Doc. #11 at ¶¶ 10, 11 (referencing Plaintiff's appearance before Justice Sotomayor).

F.2d 878, 879 (10th Cir. 1982)).  Mr. Gibbs-Squires bears the burden of establishing either specific or general jurisdiction over Defendants.  *See OMI Holdings, Inc.*, 149 F.3d at 1091 (citing *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir. 1988).

      1.    <u>Claims Implicating State Law and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.*</u>

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts ties, or relations."  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–72 (1985) (internal quotation marks and citation omitted).  Therefore, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1979) (internal quotation marks and citation omitted).  The "minimum contacts" requirement protects a defendant "against the burdens of litigating in a distant or inconvenient forum"; and ensures that "the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Id.* at 292.  If minimum contacts are shown, the court must then determine whether the exercise of personal jurisdiction over the defendant would "offend traditional notions of fair play and substantial justice." *OMI Holdings, Inc.*, 149 F.3d at 1091 (citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)).

With regard to Plaintiff's non-RICO claims, he must demonstrate the court's jurisdiction under Colorado laws and that the exercise of jurisdiction is proper pursuant to the due process clause of the Fourteenth Amendment.  *See Far W. Capital, Inc. v.*

9

*Towne,* 46 F.3d 1071, 1074 (10th Cir. 1995). "[T]he Colorado long-arm statute extends jurisdiction to the greatest extent permitted by due process," which allows this court to bypass the statutory analysis and proceed with the due process inquiry. *AST Sports Sci., Inc.,* 514 F.3d at 1057 ("The Colorado Supreme Court has interpreted Colorado's long-arm statute to extend jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.").

Consistent with due process, a court may exercise personal jurisdiction in one of two ways. First, a court may assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King,* 471 U.S. at 472. Where a defendant has not engaged in forum-related activities, the court may nonetheless exercise general jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 415 (1984). However, "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'" *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir. 1996) (quoting *Helicopteros,* 466 U.S. at 416).

Plaintiff has not made a *prima facie* showing that Defendants satisfy the traditional minimum contacts test. The Amended Complaint does not speak to personal jurisdiction at all, and does not allege that Defendants engaged in activities that were purposefully directed at the residents of Colorado or that this lawsuit arose out of such

10

activities. Plaintiff's alleged injury arises from foreclosure proceedings that occurred in South Carolina. (*See* Doc. #8 at ¶¶ 43-50). Plaintiff claimed in the original Complaint that a "substantial part of property that is subject of the action" is in Colorado, but failed to identify that property or its location. (*See* Doc. #1 at ¶ 12). The activities he attributes to Mr. Moore are confined exclusively to South Carolina. (*See, e.g.,* Doc. #8 at ¶ 48). The activities he attributes to Bank of America and Nationstar are confined to South Carolina, or lack specification as to any geographic location. (*See* doc. #1 at ¶ 15; *see, e.g.* doc. #1 at ¶ 163(a)-(e)), doc. #8 at ¶¶ 43-50). Plaintiff actually fails to attribute any activities to Urban in the Amended Complaint; and the activities attributed to Urban in the original Complaint similarly fail to specify a geographic location. (*See generally* Doc. #8; *see, e.g.,* Doc. #1 at ¶¶ 39, 49, 59). Colorado is mentioned once, in a generic and conclusory statement, where Plaintiff claims that "[t]he Hamp-less Gang Violated, § 1951, affected commerce by illegally foreclosing on homes in States of Colorado, South Carolina, Maryland, California, etc., creating situations whereby Plaintiff's and the Class was threatened [sic] and intimidated, with foreclosures." (Doc. #8 at ¶ 81(a)).

Nor has Plaintiff demonstrated general personal jurisdiction as to Bank of America, Nationstar, or Moore. The Amended Complaint does not speak to Defendants' citizenship; however, the original Complaint conceded that Bank of America and Nationstar are citizens of states other than Colorado. (*See* Doc. #1 at ¶¶ 15, 17). Bank of America is a citizen of North Carolina. *See, e.g., Orton v. Mathews*, 572 Fed. Appx. 830, 831-32 (11th Cir. 2014) ("Bank of America asserted that the state designated as its main office in its articles of association was North Carolina.").

Nationstar is a citizen of Delaware and Texas.  *See, e.g. Farnsworth v. Nationstar Mortg., LLC*, 569 Fed. Appx. 421, 424 (6th Cir. 2014) (recognizing Nationstar as a citizen of Delaware and Texas); *Houston v. Bank of America, N.A.*, No. CV 14-02786 MMM (AJWx), 2014 WL 2958216, at *3 n. 7 (C.D. Cal. June 25, 2014) ("…[Bank of America] is a citizen of North Carolina and Nationstar is a citizen of Delaware and Texas").  Mr. Moore is a citizen of South Carolina who professes to have "no contacts whatsoever with the State of Colorado." (Doc. #24 at p. 1).  Plaintiff does not contest the fact that Mr. Moore is a citizen of South Carolina without Colorado contacts.

Mr. Gibbs-Squires pled in his original Complaint that Urban is a citizen of Pennsylvania "with its main offices in Colorado." (*See* Doc. #1 at ¶ 10).  Urban did not contradict this assertion or otherwise challenge personal jurisdiction in its Motion to Dismiss.  (*See generally* Doc. #45).  *See also* Motion to Dismiss by Urban Settlement Services at 2, *George v. Urban Settlement Services*, No. 13-cv-01819-PAB-KLM (D. Colo. September 30, 2014) (Doc. #13) ("With offices in Broomfield and Littleton, Colorado, Urban Lending employs approximately 1,500 employees, the vast majority of whom are Colorado residents.").[4]  "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (quoting *A General Look at General Jurisdiction*, 66 Texas L.Rev. 721, 728 (1988)).  Absent dispute by the parties, I accept for purposes of this Recommendation that the court has jurisdiction over Urban.  *Cf. Daimler AG*, 134 S. Ct. at 761 ("the inquiry under [*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011)] is not whether a foreign

---

[4] This court may take judicial notice of public records, including district court filings.  *See, e.g., U.S. v. Bagby*, 696 F.3d 1074, 1083 n. 7 (10th Cir. 2012).

corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'") (internal quotation marks and citation omitted).   However, for the reasons addressed below, Plaintiff has not pled with requisite specificity any claim as to Urban.

### 2.     RICO Claim

The RICO statute provides that process in "any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(d).  Where Congress has statutorily authorized nationwide service of process, personal jurisdiction is established if the federal court's exercise of jurisdiction comports with Fifth Amendment due process. *See Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229 (10th Cir. 2006) (citing *Peay v. BellSouth Med. Assistance Plan,* 205 F.3d 1206, 1209 (10th Cir. 2000)).  "When a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants if required by the ends of justice."  *Id.* at 1231.  The Tenth Circuit has instructed that the "ends of justice is a flexible concept uniquely tailored to the facts of each case."   *Id.* at 1232 (internal quotation marks omitted) (concluding that Plaintiff's assertion that he sustained damages and litigation costs in the forum did not as a matter of law satisfy the "ends of justice" standard).

I note that Bank of America and Urban waived service (doc. #30 and #31), but Moore and Nationstar have not waived service or been served.  Therefore, only Bank of America and Urban could be subject to personal jurisdiction in this court under section

13

1965. However, in assuming the court has general personal jurisdiction over Urban, I find that the "ends of justice" do not require exercise of jurisdiction over Bank of America. Mr. Gibbs-Squires does not speak to this standard, or otherwise provide any reason why Bank of America should be haled into court in Colorado. (*See, e.g.,* Doc. #1 at ¶ 8, and Doc #8 at ¶¶ 79-85).[5] The "ends of justice" inquiry should consider RICO's remedial purpose of eradicating organized crime. *Cory*, 468 F.3d at 1231-32. The elements of a RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). The requisite enterprise must consist of an entity distinct from the persons charged with racketeering (*see Board of County Commissioners v. Liberty Group.*, 965 F.2d 879, 885 (10th Cir. 1992)), and a "pattern" requires at least two predicate acts. *See Bixler*, 596 F.3d at 761. Plaintiff has not pled either an enterprise or a pattern.

**B.     Fed. R. Civ. P. 8(a)**

Federal Rule of Civil Procedure 8 requires a pleading that states a claim for relief to include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The corresponding purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989). "Something labeled a complaint but written … without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform

---

[5] To the extent Plaintiff claims that the "Hamp-less Gang Violated § 1951, affected commerce by illegally foreclosing on homes in States of Colorado, South Carolina, Maryland, California, etc. …" (doc. #8 at ¶ 81(a)), he has provided no facts to support this conclusion.

the essential functions of a complaint." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (quoting *McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996)).

Mr. Gibbs-Squires has not pled a short and plain statement in accordance with Rule 8 as to Urban or any other Defendant. Plaintiff's original complaint spanned 58 pages, stated one claim under RICO, purported to bring a class action, and named Urban, Bank of America, Nationstar, SLS, and Does 1-5 as defendants. (*See* Doc. #1). The Complaint was also virtually identical to a putative class action complaint filed in the District Court of Colorado in July 2013. *Compare* Complaint filed in *George v. Urban Settlement Services*, No. 13-cv-01819-PAB-KLM (D. Colo. September 30, 2014) (Doc. #1), *with* Doc. #1. *See also* Doc. #48 (Plaintiff advising Clerk that his lawsuit is "identical to the suit filed as: 13-cv-01819-PAB-KLM.").[6] Plaintiff's 23-page Amended Complaint omits three defendants from the caption but includes two of them in the Prayer for Relief, adds two new defendants, incorporates the entire original complaint by reference while adding ten claims, and continues to seek class certification for a group of unidentified plaintiffs of an undetermined size, despite the fact that Plaintiff is a *pro se* litigant.[7] (*See* Doc. #8). Plaintiff rarely identifies Defendants by name in the Amended Complaint, but rather refers almost exclusively to the "HAMP-less gang" as the party responsible for his alleged injuries. Though this moniker was introduced in the original Complaint (*see* doc. #1 at ¶ 19), it is unclear which Defendants (or non-parties) it encompasses. Urban, for example, is not once implicated by name in the Amended

---

[6] The district judge dismissed *George* with prejudice on September 30, 2014 for failure to state a claim under RICO or for promissory estoppel, and noting that amendment would be futile. (*See* Doc. #71).
[7] Plaintiff cannot represent a class as a *pro se* litigant. *See Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming that a *pro se* litigant cannot bring claims of others because "the competence of a layman is clearly too limited to allow him to risk the rights of others.") (internal quotation marks and citation omitted).

Complaint. Plaintiff simply does not state which Defendant did what to him when, in violation of what legal right, and resulting in what injury. *See Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) ("to state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."). Furthermore, Plaintiff habitually lumps himself and his wife with a class that "encompasses hundreds of individuals whose identities can be readily determined from the Hamp-less gang's books and records" (doc. #8 at ¶ 8) and fails to provide supporting allegations specific to his circumstances, making it impossible for the court to know whether Plaintiff or unnamed parties suffered the complained of conduct.

Plaintiff filed a Motion to Amend with a proposed Second Amended Complaint on August 22, 2014, seeking leave "to amend all deficiencies legitimately raised by Defendants." (Doc. #64 at ¶ 5). Plaintiff did not specify what legal deficiencies he sought to correct, and the proposed amended complaint did not cure the jurisdictional or pleading issues raised herein. (*See* Doc. #64-1). *See also Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Accordingly, Plaintiff has not demonstrated good cause for allowing amendment.

## CONCLUSION

For the foregoing reasons, this court RECOMMENDS that Defendants Benjamin D. Moore, Bank of America, Nationstar, and Urban's Motions to Dismiss (doc. #24, #40, and #45) be GRANTED; and that Plaintiff's Motion for Temporary Restraining Order and

Injunction (doc. #6), Amended Motion for Injunction (doc. #11), and Motion for Default Judgment (doc. #16) be DENIED.  This court ORDERS that Plaintiff's Motion for Sanctions (doc. #37), Motion for Reconsideration (doc. #47), Motion for Recusal (doc. #61), and Motion to Amend Complaint (doc. #64) are DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application

of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 18th day of November, 2014.

                                            BY THE COURT:

                                            s/Craig B. Shaffer
                                            United States Magistrate Judge